**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3168

_____

HUAFENG XU,
                                    Appellant

v.

FARKHANDA NAQVI; MICHELLE BUSKETT; UNITED STATES

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:12-cv-07844)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2013
Before:  AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed:  October 17, 2013)

_____

OPINION

_____

PER CURIAM

        Huafeng Xu, proceeding pro se, appeals from the District Court's order granting

the Government's motion to dismiss his complaint.  For the following reasons, we will

affirm.

I.

In October 2011, Xu went to the Internal Revenue Service's ("IRS") Freehold, New Jersey office in response to an auditing letter he had received. Xu met with Michelle Buskett and asked for an explanation for why the letter was not signed. According to Xu, Buskett and Farkhanda Naqvi told him that it was office policy to not sign such letters. Xu argued that not signing the letter "would violate all the US tax laws and signature codes, which mandated that they must sign their auditing notices." Xu alleged that Naqvi then yelled that she did not need Xu to tell her how to do her job and instructed guards to escort Xu from the office. According to Xu, Buskett and Naqvi then created Notices of Deficiency concerning his income tax liability for 2009 and 2010. In response, Xu filed a petition in Tax Court. The Tax Court entered a stipulated decision noting that Xu and his wife owed $3,187.50 and $6,058.00 for 2009 and 2010, respectively. Xu paid $9,554.51 to settle the deficiencies and did not appeal the Tax Court's decision.

In December 2012, Xu filed his complaint in the District Court, alleging that Buskett and Naqvi violated his civil rights by: (1) refusing to provide the tax auditing query service to him; (2) issuing the two Notices of Deficiency without his input; and (3) claiming that the Freehold office did not need to follow the tax laws and regulations. Xu requested a tax refund of $9,554.51 and damages of $500,000 to compensate him for his severe emotional distress. The Government filed a motion to dismiss for improper service, lack of jurisdiction, and failure to state a claim. Xu filed a response and several motions challenging the electronic signatures used by the Government's attorneys and the

2

management of proceedings by the District Court. The District Court held a hearing on June 26, 2013, to address Xu's complaint and various motions. At the end of the hearing, the District Court granted the Government's motion to dismiss and denied Xu's motions as moot. This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review the District Court's management of proceedings for abuse of discretion. See Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 609 (3d Cir. 1995).

## III.

On appeal, Xu does not raise any arguments in his brief to challenge the District Court's dismissal of his complaint. We thus deem this issue waived, as it is not raised in his brief. See FDIC v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000). Consequently, there is nothing left of Xu's claims to adjudicate after invoking this waiver. In any event, we agree that dismissal of Xu's complaint was warranted for the reasons given by the District Court during the June 26, 2013 hearing.

Xu primarily focuses on his argument that the form of the electronic signature used by the Government's attorneys on their filings is incorrect, therefore invalidating all their documents. According to Xu, the attorneys should have used "s/" instead of "/s/" when indicating their electronic signatures. We agree with the District Court that Xu's argument is frivolous, as there is no authority suggesting that the use of "/s/" rather than "s/" renders electronically filed documents invalid.

Xu also alleges that the District Court ignored his requests to transfer the case to the Chief Judge and that the Assistant Attorney General ("AAG") and the trial attorney both appear in person at the hearing; ignored his right to ask questions at the hearing; and ignored his request to address the electronic signature issue. These allegations are all belied by the record. First, there was no basis for transferring the case to the Chief Judge. Even though the District Court issued rulings adverse to Xu, this provided no basis for a transfer. See Liteky v. United States, 510 U.S. 540, 555 (1994). Furthermore, given that the trial attorney appeared at the hearing, there was no need for the AAG to also be in attendance. The record also reflects that the District Court allowed Xu to ask questions about the issues, speak at length about his understanding of the issues, and allowed him to speak about the electronic signature requirement. Accordingly, the District Court did not abuse its discretion in its management of proceedings.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment. Xu's motion to invalidate the Government's current attorney appearance is denied.